UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BAHSID McLEAN,

                              Plaintiff,        9:20-CV-1115
                                              (TJM/TWD)

    v.

AMY FERGUSON, et al.,

                              Defendants.

---

APPEARANCES:

BAHSID McLEAN
16-A-5033
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. LETITIA A. JAMES                         AIMEE COWAN, ESQ.
New York State Attorney General           Assistant Attorney General
Attorney for Defendant Ferguson
The Capitol
Albany, NY 12224

THOMAS J. McAVOY
Senior United States District Judge

## DECISION AND ORDER

**I.  INTRODUCTION**

Pro se plaintiff Bahsid McLean ("plaintiff") commenced this civil rights action on or about September 16, 2020. Dkt. No. 1. In a Decision and Order issued November 2, 2019, the Court granted plaintiff's application for in forma pauperis ("IFP") status and, after reviewing the sufficiency of plaintiff's complaint pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A"), accepted it for filing with respect to

plaintiff's Eighth Amendment deliberate medical indifference and state law medical malpractice and negligence claims asserted against the defendants. Dkt. No. 4 ("November Order"). The original complaint identified two individuals as defendants by name and another three individuals were identified as John Doe 1-3. *See* Dkt. No. 1 at 2-4.

Following service of process defendant Amy Ferguson, she filed a motion to dismiss plaintiff's original complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for lack of jurisdiction pursuant to Rule 12(b)(1).[1] Dkt. No. 8. Plaintiff responded in opposition to the motion to dismiss, Dkt. No. 10, and has filed an amended complaint that provides the names of the John Doe defendants, Dkt. No. 11 ("Am. Compl.").

Defendant Ferguson's motion to dismiss the original complaint and plaintiff's amended complaint have been forwarded to the Court for review.

## II.   DISCUSSION

### A.   Amended Complaint

Although plaintiff submitted his amended complaint as of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, because plaintiff is a prisoner proceeding IFP, it is the responsibility of this Court to review his amended complaint pursuant to Sections 1915 and 1915A before permitting the amended complaint to proceed. The legal standard governing the Court's review pursuant to those provisions was set forth in full in the November Order and will not be restated in this Decision and Order. *See* November Order at 2-4.

---

[1] The only other defendant identified by name, Carl Koenigsmann, has not yet been served with process or otherwise appeared in the action.

Plaintiff's amended complaint is nearly identical to his original complaint except that plaintiff's amended complaint identifies the John Doe defendants named in the original complaint. Plaintiff alleges that he suffers from Scoliosis and was treated for the pain generated by that condition with Meloxicam, a prescription medication, before arriving at Mid-State Correctional Facility ("Mid-State C.F."). Am. Compl. at 5. Upon arriving at Mid-State C.F. on or about January 21, 2020, however, defendant Nurse Practitioner discontinued plaintiff's prescription for Meloxicam without first examining or treating plaintiff. *Id.* at 5-6. Defendants Nurses Rowick and Visalli (identified as "John Does" in the original complaint) learned during sick calls that plaintiff's medication had been discontinued, and that plaintiff was suffering from severe pain without it, but they took no action to assist plaintiff, except suggesting to him that he should file a grievance. *Id.* at 5, 7. Defendant Mid-State C.F. Superintendent Finnery (identified as another "John Doe" in the original complaint) denied plaintiff's appeal of the grievance, which complained of severe back pain and requested Meloxicam. *Id.* Plaintiff also wrote defendant Carl Koenigsmann, the New York State Department of Corrections and Community Supervision Chief Medical Officer, who responded by telling plaintiff that he did not have a prescription for pain medication. *Id.*

The amended complaint, like the original complaint, asserts Eighth Amendment deliberate medical indifference and state law negligence and medical malpractice claims against the defendants.[2] Am. Compl. at 8. Mindful of the Second Circuit's instruction that a pro se plaintiff's pleadings must be liberally construed, *see, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the amended complaint is accepted for filing

---

[2] The amended complaint does not attempt to re-assert the Fourteenth Amendment equal protection claim that was asserted in plaintiff's original complaint and dismissed by the Court in the November Order.

3

and requires a response.  In so ruling, the Court expresses no opinion as to whether plaintiff's claims can withstand a properly filed motion to dismiss or for summary judgment.

### B.     Defendant Ferguson's Motion to Dismiss the Original Complaint

"Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Brown v. Napoli*, No. 07-CV-0838, 2008 WL 4507590, at *2 (W.D.N.Y. Sep. 29, 2008) (citing *Haywood v. Republic Tobacco, Co., L.P.*, No. 05-CV-0842, 2007 WL 1063004 (W.D.N.Y. Apr. 6, 2007)).  Because defendant Ferguson's pending motion to dismiss is addressed solely to plaintiff's original complaint, *see* Dkt. No. 8, and because the amended complaint has been accepted for filing and is now the operative pleading, the motion to dismiss is denied without prejudice as moot.

### III.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's amended complaint (Dkt. No. 11) is **ACCEPTED for filing** and is considered the operative pleading; and it is further

**ORDERED** that the Clerk shall issue summonses for the newly identified defendants – Nurse Rowick, Wayne Visalli, and W. Finnery – and forward them, along with copies of the amended complaint, to the United States Marshals Service for service upon those defendants; and it is further

**ORDERED** that defendants shall respond to the amended complaint in accordance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that defendant Ferguson's motion to dismiss (Dkt. No. 8) is **DENIED without prejudice** as moot; and it is further

4

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

**DATED: March 3, 2021**

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge